THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-00553-FL

| | |
|---|---|
| CHRISTOPHER BENJAMIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CITY OF FAYETTEVILLE, )<br>MAYOR DALE IMAN, DOUG )<br>HEWITT, TERRIE HUTAFF, )<br>GREG SCHAEFER, GERALD )<br>DIETZEN, ERNEST LOVE, )<br>WILLIE MCDONALD, STANLEY )<br>SADLER, and STEVEN BULLARD, )<br>)<br>Defendants. ) | **ORDER and<br>MEMORANDUM and<br>RECOMMENDATION** |

This matter is before the Court on Plaintiff Christopher Benjamin's pro se application to proceed in forma pauperis under 28 U.S.C. § 1915(a) and for frivolity review. [DE-1.] Plaintiff is unemployed with no source of income. Accordingly, Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and his application is allowed.

Notwithstanding the determination that a plaintiff is entitled to in forma pauperis status, a court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## I. Title VII Claims

### a. 90 Day Filing Requirement

In this case, Plaintiff, who was employed by the City of Fayetteville Solid Waste Department, alleged that he was discriminated against because of his race and religion and was terminated in retaliation for complaining of the alleged discriminatory treatment, all in violation of Title VII of the Civil Rights Act of 1964. Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), and a right to sue letter was mailed to Plaintiff on September 23, 2009. Plaintiff filed this application on December 28, 2009, which was 96 days after the right to sue letter was mailed.

The law provides that an action must be filed within 90 days of *receipt* of the notice of right to sue, 42 U.S.C. 2000e-5(f)(1), presenting the question of whether Plaintiff's complaint was timely filed. The 90 days filing requirement is not jurisdictional, but is in the nature of a statute of limitations that can be waived or tolled under certain circumstances. See Shepard v. Lowe's Food Stores, Inc., No. 1:08CV679, 2009 WL 4738203, at *3 (M.D.N.C. Dec. 7, 2009) (finding that the 90 day filing requirement is not a jurisdictional prerequisite to suit in federal court); Smith v. Raleigh Dist. of N.C. Conference of United Methodist Church, 63 F. Supp. 2d 694, 720 (E.D.N.C. 1999) (noting that "Title VII's requirement that a plaintiff properly file a complaint within 90 days of receiving a right-to sue letter is not jurisdictional" as "it can be waived, or tolled by the court when equity demands."). Where the date of receipt is "unknown or in dispute, courts presume receipt three days after mailing." Ish v. Arlington County Va., 918 F.2d 955, 1990 WL 180127, at *1 (4th Cir. Nov. 21, 1990) (applying Federal Rule of Civil

2

Procedure 6(e)). However, Federal Rule 6(e) does not automatically provide a three day extension, but creates a presumption in the face of uncertainty. Id.

Plaintiff does not state in his complaint when he received the EEOC notice of right to sue. If the Court applied the presumption of receipt three days after the date of mailing, the result would be that Plaintiff's filing was 93 days after receipt of the EEOC notice, which is outside the 90 day window and presumptively untimely. However, based in part on Plaintiff's pro se status and because facts and circumstance may exist where the presumption would not apply or where equitable tolling would be justified, the Court finds that dismissal of the complaint on frivolity grounds at this stage is not appropriate.

### b. Individual Defendants

The Court is required to dismiss claims against individuals immune from recovery. 28 U.S.C. § 1915(e)(2). Plaintiff alleges a Title VII claim against the City of Fayetteville and nine indviduals. Title VII provides for employer, not individual, liability. See Lissau v. S. Food Serv., 159 F.3d 177, 181 (4th Cir. 1998) (holding that supervisors have no individual liability under Title VII). The Court **RECOMMENDS** that to the extent the Plaintiff makes claims against the individuals in their official capacity, the claims should be construed as claims against the City of Fayetteville and not the individuals, see Lee v. N.C. Dep't of Transp., No. 5:98CV967, 2000 WL 33682677, at *4-*5 (E.D.N.C. April 5, 2000), and that all Title VII claims against Dale Iman, Doug Hewitt, Terrie Hutaff, Greg Schaefer, Gerald Dietzen, Ernest Love, Willie McDonald, Stanley Sadler, and Steven Bullard be **DISMISSED.**

### II. Other Claims

Plaintiff also seeks to enforce various constitutional rights under 42 U.S.C. §§ 1983 and 1985 and asserts various state law claims. It is unclear whether Plaintiff makes these claims against

3

the individual defendants in their personal or official capacities. However, unlike Title VII, sections 1983 and 1985 provide for personal liability against individuals. See Wright v. Collins, 766 F.2d 841 (4th Cir. 1985) (discussing an individual's potential liability under section 1983). Accordingly, at this early stage of this proceeding, the Court **RECOMMENDS** that Plaintiff's remaining claims against all Defendants be allowed to proceed.

## CONCLUSION

The court **GRANTS** Plaintiff's motion to proceed in forma pauperis, but **RECOMMENDS** (1) that all Title VII claims against Dale Iman, Doug Hewitt, Terrie Hutaff, Greg Schaefer, Gerald Dietzen, Ernest Love, Willie McDonald, Stanley Sadler, and Steven Bullard be **DISMISSED;** and (2) that Platiniff's remaining claims against all Defendants be allowed to proceed.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 10th day of March, 2010.

DAVID W. DANIEL
United States Magistrate Judge