IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-553-FL

| | |
|---|---|
| CHRISTOPHER BENJAMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CITY OF FAYETTEVILLE, DALE IMAN, ) | |
| DOUG HEWITT, TERRIE HUTAFF, ) | |
| GREG SCHAEFER, GERALD DIETZEN, ) | |
| ERNEST LOVE, WILLIE MCDONALD, ) | |
| STANLEY SADLER, STEVEN BULLARD, ) | |
| and MAYOR ANTHONY G. CHAVONNE, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915(e), with benefit of memorandum and recommendation ("M&R") entered by United States Magistrate Judge David W. Daniel on March 11, 2010 (DE # 2). The magistrate judge recommends that the court dismiss plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., against the individual defendants, but allow plaintiff's Title VII claim against the City of Fayetteville and plaintiff's other state and federal claims to go forward. On March 26, 2010, plaintiff filed objection to that part of the M&R in which it is recommended his Title VII claim against the individual defendants be dismissed (DE # 4).

On April 9, 2010, plaintiff amended his complaint (DE # 7) to add Mayor Anthony G. Chavonne as an individual defendant and to provide greater detail as to his allegations regarding the

investigation performed by the Equal Employment Opportunity Commission ("EEOC").[1] The amendments to the complaint in no way affect the magistrate judge's analysis of the legal principles involved in plaintiff's Title VII claim.

The court is required to dismiss actions brought *in forma pauperis* where the plaintiff has failed to state a cognizable claim or seeks to obtain monetary damages from individuals immune from recovery. See 28 U.S.C. § 1915(e)(2)(B). It is well-settled that Title VII applies only to employers, and that individual employees are not liable under the act. See Lissau v. S. Food Serv., 159 F.3d 177, 180-81 (4th Cir. 1998). Plaintiff's attempt to distinguish his case from Lissau on the grounds that his allegations concern multiple employees engaged in a "conspiracy" again him is unavailing. See, e.g., Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 569-70 (E.D.N.C. 2009). Moreover, the magistrate judge recommends that plaintiff be allowed to proceed on separate conspiracy claims under federal (42 U.S.C. §§ 1983 and 1985) and state law, which allow for personal liability against individuals.

For the foregoing reasons, upon *de novo* review of those portions of the M&R to which a specific objection has been filed, and after careful consideration of those portions of the M&R to which no objection has been made, see Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), the court ADOPTS the findings of the magistrate judge as its own. Accordingly, the Title VII claims are DISMISSED as to the individual defendants, but plaintiff may proceed on his Title VII claim against the City of Fayetteville and his other state and federal claims.

Finally, the court notes that plaintiff has filed a request for counsel under 28 U.S.C. § 1915(e)(1) as part of his objection to the M&R. There is no constitutional right to counsel in civil

---

[1] The EEOC is not party to this action, nor is any individual employee thereof.

cases, but the court will appoint counsel "where the case of an indigent plaintiff presents exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 300 (1989). Considering "the type and complexity of the case, and the abilities of the individual[] bringing it," id., the court finds that exceptional circumstances do not exist in this case. Plaintiff's request is therefore DENIED.

SO ORDERED, this the ___ day of April, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge

3